## N. Y. SUPERIOR COURT.

ANNA KNOOP, plaintiff, agt. LOUIS KAMMERER and JOHN C. LYST, defendants.

On a motion for a new trial on the ground of newly discovered evidence in this case, it did not appear that the evidence alleged to have been newly discovered went to impeach the credit of any witness or party, examined as a witness on the trial; that it did not relate to any new fact upon which evidence was not given on the trial, and what evidence there was stated and claimed to be material was merely cumulative. Motion denied.

*Special Term, June,* 1872.

*Affirmed on appeal, January,* 1873, *upon the argument.*

MOTION for a new trial on the ground of newly discovered evidence.

PHILIP F. SMITH, *for the motion.*

THOMAS S. MOORE, *in opposition.*

FREEDMAN, J.—This action is brought to recover the value of certain pictures taken from plaintiff, under process of court, directed against her husband. On the trial, plaintiff gave evidence of her title, of the manner and *bona fides* of its acquisition, and of the value of the property taken ; she was severely cross-examined, but maintained her claim before the jury, who gave her a verdict of $600. All questions of fact appear, on a review of the evidence, to have been fully and fairly submitted to the jury, and so well satisfied were the defendants with the charge of the court, that they took no exceptions to it, or any part thereof. They now move, however, for a new trial, on the sole ground of newly discovered evidence. Upon such motion, it is too well

settled to require the citation of authorities. that the evidence alleged to have been newly discovered must not merely go to impeach the credit of a witness, or party examined as a witness, on the trial, but that it must relate to some new fact upon which evidence was not given on the trial already had, and be so material and important in its nature as to induce a belief in the mind of the court entertaining the motion that, if proved to the satisfaction of a jury, it would control their verdict.

The new evidence disclosed by the moving papers does not come up to these requirements. Some of it is purely negative in its character and effect, and for that reason unavailable here, and the remainder, if true, and, for the purposes of this motion, its truth must be assumed, although the plaintiff has made affidavit to the contrary, merely goes to impeach certain portions of plaintiff's testimony, without destroying her right to a verdict of some kind. The very declaration sworn to by the witness John Staebeuer to have been made by the plaintiff to the effect, that she had bought the pictures at a private auction sale, involves, when taken in connection with the other evidence presented by the case, a substantiation of plaintiff's claim of title.

It has been urged, however, and with a great deal of force, that the newly discovered evidence may, upon a second trial, materially aid the jury in arriving at a more correct assessment of the value of the pictures than has been had. But, as upon the first trial, a great deal of testimony was submitted on both sides as to such value, the said newly proposed evidence is, in its bearings upon that point, merely cumulative, and consequently insufficient, within the rule laid down by this court in numerous decisions, to authorize the granting of a new trial. It is true that the jury adopted almost the very highest estimate of value placed upon the articles by a number of witnesses, and a higher one than I, sitting as a juror, should have adopted.

But their finding upon this point was within the evidence,

and, it being upon a disputed question of fact, was peculiarly within their province.

So it is equally true that the defendants have not, at any time, distinctly complained of the verdict as an excessive one, nor is their present motion made upon such ground.

Upon the whole case, therefore, as made, I can find no warrant for the disturbance of the verdict. The motion for a new trial must be denied with costs.